The opinion of the court was delivered by
 

 Hard, Judge.
 

 -It appears to be a general rule, that .a person who is merely a witness shall-not be made a party defendant $ because having no interest in the cause,
 
 *193
 
 no decree can be made against him,-and because the party may have the full benefit of his testimony, by examining him as a witness.
 
 (Plummer
 
 v.
 
 May,
 
 1
 
 Ves. sen.
 
 426.
 
 Fenton
 
 v.
 
 Hughes, 7 Ves. 287. McNamara
 
 v.
 
 Williams,
 
 6
 
 Ves.
 
 143).
 

 But to this rule there appear to be some exceptions* Arbitrators have been suffered to be made defendants.
 
 (Lingood
 
 v.
 
 Croucher,
 
 2
 
 Atk.
 
 396.
 
 Chicot
 
 v.
 
 Lequesne,
 
 2
 
 Ves.
 
 sen. 315). Clerks of corporations may also be made defendants, for the sake of discoveries, because the answers of corporations are not upon oath, and are therefore not evidence.
 
 (Wyche
 
 v.
 
 Meal,
 
 3
 
 P. Wms.
 
 310.
 
 Moodalay
 
 v. Morton, 1
 
 Br. C. R.
 
 469.
 
 Dummer
 
 v.
 
 Chipenham,
 
 14
 
 Ves.
 
 251). And
 
 Lord Redesdale
 
 has decided, that a solicitor, assisting his client in obtaining a fraudulent release, was properly made defendant, and liable for costs, if the principal was insolvent. (
 
 Bowles
 
 v.
 
 Stewart,
 
 1
 
 Sch.
 
 &
 
 Lef.
 
 227).
 

 In the present case, the defendant
 
 Blackwood
 
 appears
 
 to have no interest in the
 
 cause, and no decree can
 
 be
 
 entered against" him. It was therefore unnecessary .to make him a party. The plaintiff might have had the benefit of his testimony, without doing so. For these reasons, I am of opinion that he should be allowed his .costs.
 

 Per Curiam. — Dismiss the bill as to
 
 Blackwood
 
 with costs.
 

 
 *195
 
 EQUITY CASES ARGUED AND DETERMINED IN THE SUPREME COURT OE DECEMBER TERM, 1832.